USCA1 Opinion

 

 February 8, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1683 JUSTINIANO CUEVAS-BURGOS, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ___________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ___________________ Justiniano Cuevas-Burgos on brief pro se. ________________________ Guillermo Gil, United States Attorney, Jose A. Quiles ______________ ________________ Espinosa, Senior Litigation Counsel, and Jorge E. Vega Pacheco, ________ ______________________ Chief Criminal Division, on brief for appellee. __________________ __________________ Per Curiam. We have carefully reviewed the trial __________ transcripts and affirm the denial of petitioner's 2255 petition. 1. Sufficiency of the Evidence. The evidence was fully ___________________________ sufficient to support the convictions. The jury was not required to believe Pagan's testimony absolving petitioner and instead was entitled to credit the government's evidence that petitioner had requested Rodriguez Vega to supply the cocaine and had participated in the cocaine negotiations. 2. Speedy Trial Act. Petitioner has not identified any ________________ speedy trial act violation. Petitioner's contention that only the four days during which Rodriguez Vega was actually being examined by a physician were excludable is wrong. 18 U.S.C. 3161(h)(1)(A) (excluding "delay resulting from any proceeding, including any examinations, to determine the __________ mental competency . . . of the defendant") (emphasis added); United States v. Anello, 765 F.2d 253, 255-56 (1st Cir.), ________________________ cert. denied, 474 U.S. 996 (1985); United States v. Zielie, ____________ ________________________ 734 F.2d 1447, 1454 (11th Cir. 1984) (a time exclusion which applies to one defendant applies to all co-defendants), cert. _____ denied, 469 U.S. 1189, 1216 (1985). ______ 3. Prejudicial Publicity. Petitioner's claim of _______________________ prejudicial publicity is meritless. First, the publicity, as described by petitioner, was much less extensive and prejudicial than in other cases in which prejudicial publicity claims have been rejected. See, e.g., United ___ ____ ______ States v. Angiulo, 897 F.2d 1169, 1181-83 (1st Cir.), cert. _________________ _____ denied, 498 U.S. 845 (1990); United States v. Moreno Morales, ______ _______________________________ 815 F.2d 725, 730-36 (1st Cir.), cert. denied, 484 U.S. 966 ____________ (1987). Second, prior to trial, Judge Acosta questioned the panel from which the jury was chosen whether anyone had read or heard anything about the case. There were no affirmative responses. In view of the lack of response to the voir dire inquiry, there is no evidence any juror was exposed to pre- trial publicity and hence no basis to find prejudice prior to trial. United States v. Samalot Perez, 767 F.2d 1, 5 (1st _______________________________ Cir. 1985) ("[w]hen a trial judge has conducted a voir dire examination with questions effectively designed to unveil any impartiality, then we will set aside his action `only where juror prejudice is manifest'"). As for any publicity during the trial, Judge Acosta told the jurors not to listen to media accounts and to decide the case solely on the evidence presented in court. Jurors are presumed to follow instructions. United States v. Boylan, 898 F.2d 230, 263 ________________________ (1st Cir.), cert. denied, 498 U.S. 849 (1990).  ____________ 4. Jurors' Linguistic Competency. There is no basis to _____________________________ believe that the jurors were not competent to understand English. During empanelment, each spoke briefly in English. Most had already served as jurors on at least one trial conducted in English. That the jury asked for further explanation of technical legal terms does not show inability _____ to understand English. _______ 5. We have considered all of petitioner's appellate arguments, including his claims of ineffective assistance -3- of counsel, and find them meritless. Affirmed. ________ -4-